**Fox and Fox Attorneys at Law, P.C.**
**By: Craig H. Fox, Esquire**
**Attorney I.D. #49509**
**706 One Montgomery Plaza**
**425 Swede Street**
**Norristown, PA  19401**
**Telephone: (610) 275-7990**
**Facsimile: (610) 275-2866**
**cfox@foxandfoxlaw.com**

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| WILLIAM CORTEZ, JR., | : | |
| Debtor(s) | : | BANKRUPTCY NO.  19-00180-RNO |
| | : | |
| LENDMARK FINANCIAL SERVICES, LLC | : | |
| | : | Adversary Proceeding |
| v. | : | |
| WILLIAM CORTEZ, JR. | : | No. 19- |

## COMPLAINT OBJECTING TO DISCHARGE

AND NOW, comes Lendmark Financial Services, LLC, Plaintiff, by and through its attorneys, Fox and Fox Attorneys at Law, P.C., and respectfully represents:

1. Plaintiff is Lendmark Financial Services, LLC ("Plaintiff"), a creditor who has a place of business located at 9198 Hwy. 278 NE, Covington, GA  30014.

2. Defendant, William Cortez, Jr. ("Debtor" and/or "Defendant"), is the Debtor in the above referenced Bankruptcy and is an adult individual who resides at 101 Clover Court, Milford, PA 18337.

3. This Complaint is an adversary proceeding brought in connection with Defendant's case under Chapter 13 Bankruptcy No. 19-00180, now pending in this Court, to determine the non-dischargeability of Debtor's liabilities, including his debt to Plaintiff, and to object to his discharge.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157, 1334, 11 U.S.C. §523, §1328 and/or §727.  This matter is a core proceeding before the

Bankruptcy Court pursuant to Bankruptcy Rules 4004, 4007 and 7001 and/or 28 USC 157(b)(2)(J).

5.  The Debtor filed a voluntary Petition, (the "Petition") under the Bankruptcy Code on or about January 15, 2019.

6.  Fifty-nine (59) days prior thereto, on or about November 17, 2018 Defendant/Debtor executed a Combination Note, Security Agreement and Federal Disclosure Statement pursuant to which Lendmark lent to Defendant/Debtor $3,515.75 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

7.  The Plaintiff is a listed creditor in the above-captioned Chapter 13 proceeding.

## COUNT I

8.  Plaintiff incorporates herein by reference paragraphs 1 through 7 as though the same were set forth herein at length.

9.  The loan made by Debtor was done so within Fifty-nine (59) days before the Order for Relief was entered in this case and, as a result, is presumed to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

10. The parties hereto have, prior to the filing of said Complaint, agreed to stipulate to the non-dischargeability of the debt owed to Lendmark.

WHEREFORE, Plaintiff requests judgment denying the Defendant's/Debtor's discharge of its debt to Lendmark and for such other relief as is just.

Fox and Fox Attorneys at Law, P.C.

By: _____
CRAIG H. FOX,
Attorney for Plaintiff
Lendmark Financial Services, LLC

**EXHIBIT "A"**

November 17, 2018 Combination Note, Security Agreement and Federal Disclosure Statement

# Combination Note, Security Agreement and Federal Disclosure Statement

| LENDER'S NAME AND ADDRESS<br>"You" means the Lender, its successors and assigns.<br>LENDMARK FINANCIAL SERVICES, LLC<br>2180 MacArthur Road<br>Unit 9<br>Whitehall, PA 18052 | BORROWER NAME(S)/DEBTOR(S)<br>"I" includes each Borrower above, jointly and severally.<br>WILLIAM CORTEZ JR<br><br>ADDRESS FOR BORROWER(S)<br>101 CLOVER CT, MILFORD, PA, 18337 | Loan Number: _____<br><br>Date: 11/17/2018<br><br>Maturity Date: 12/02/2021 |
|---|---|---|

**NOTE** – For value received, I promise to pay to you, or your order, the Total of Payments shown below. This is a pre-computed loan. This means that the amount I promise to pay includes discount (interest). If I prepay this loan, the unearned portion of the discount will be refunded as provided herein.
**PAYMENT** – I will pay this note in monthly installments as set forth in the Payment Schedule shown below. I shall make my payments at the address shown above or such other address as you shall request.
**POST-MATURITY INTEREST** – Interest will accrue at the rate of 18% per year on the balance of this note not paid at maturity.
**LATE CHARGE** – I agree to pay a late charge on any installment not paid in full within 10 days after it is due. The late charge shall be one and one-half percent (1 ½%) per month of the total amount past due, with a minimum charge of $1.00.
☒ **FIRST PAYMENT EXTENSION CHARGE** -- If this box is checked, I agree to pay you a charge for extending the first payment in the amount of $35.00_____. This charge is included in my first payment as shown below.
**SECURITY AGREEMENT** – I grant you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this document.

☐ (a) Motor Vehicle:

| YEAR | MAKE | MODEL | BODY TYPE | SERIAL NO. / IDENTIFICATION |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

☐ (b) Consumer Goods: See "Personal Property List" which is incorporated herein by reference thereto.
☐ (c) Other (describe): _____

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate.<br><br>26.28% | FINANCE CHARGE<br>The dollar amount the credit will cost me.<br><br>$1,643.85 | Amount Financed<br>The amount of credit provided to me or on my behalf.<br><br>$3,515.75 | Total of Payments<br>The amount I will have paid when I have made all scheduled payments.<br><br>$5,159.60 |
|---|---|---|---|

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | 177.35 | First Payment Date: 01/02/2019 |
| 35 | 142.35 | Monthly, on the same say as the First Payment* |

**SECURITY:** I am giving a security interest in:
☐ Consumer goods ☐ Motor vehicle ☒ Unsecured
☐ Other (describe): _____

**LATE CHARGE** – I agree to pay a late charge on any installment not paid in full within 10 days after it is due. The late charge shall be one and one-half percent (1 ½%) per month of the total amount past due, with a minimum charge of $1.00.
**PREPAYMENT** – If I pay off this note early, I may be entitled to a refund of part of the Finance Charge.
I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds.
*If the first payment is due on the last day of the month, all monthly payments will be due on the last day of the respective month.

## ITEMIZATION OF THE AMOUNT FINANCED

Amount Given to Me Directly
1. $1,200.00
2. $0.00
Amount Paid on My Prior Account
3. $1,123.54
Amount Paid to Others on My Behalf
4. $0.00 To Allied Solutions, LLC. for GAP Debt cancellation contract*
5. $43.75 To Insurance Company for Life Ins.*
6. $182.44 To Insurance Company for Accident & Health Ins.*
7. $199.35 To Insurance Company for Involuntary Unemployment Ins.*
8. $0.00 To Insurance Company for Vehicle Single Interest Ins.*
9. $0.00 To Public Official for Recording Fees
10. $0.00 To Public Official for Lic/Title/Reg Fees
11. $766.67 Sum of Additional Amounts Paid to Others
12. $3,515.75 Amount Financed (Sum of 1-11)

Additional Amounts Paid To Others
(a) $766.67 To LENDMARK FINANCIAL SERVICES
(b) _____ To _____
(c) _____ To _____
(d) _____ To _____
(e) _____ To _____
(f) _____ To _____
(g) _____ To _____
(h) _____ To _____
(i) _____ To _____
(j) _____ To _____

$150.00 Prepaid Finance Charge (Service Fee)
$1,493.85 Interest (Discount)                            *Lender may retain a portion of these amounts.

**SIGNATURES** – I AGREE TO THE TERMS SET OUT ON PAGE 1 AND PAGE 2 OF THIS AGREEMENT. I HAVE RECEIVED A COMPLETELY FILLED IN COPY OF THIS DOCUMENT ON TODAY'S DATE. THIS IS A CONTRACT UNDER SEAL AND MAY BE ENFORCED UNDER 42 PA.C.S.SECTION 5529 (B).

EXECUTED IN THE PRESENCE OF:                WITNESS THE HANDS AND SEALS OF THE BORROWERS THE DATE ABOVE WRITTEN.

_____ Witness                 _____ Borrower/Debtor (SEAL)
_____ Witness                 _____ Borrower/Debtor (SEAL)
_____ Witness                 _____ Borrower/Debtor (SEAL)
_____ Witness                 _____ Borrower/Debtor (SEAL)

The undersigned is/are not personally liable for this loan but grant(s) a security interest in the Property described above as security for this loan and agree to be bound by the provisions of this document insofar as they relate to the Property.

_____ (SEAL)                  _____ (SEAL)

SEE PAGE 2 FOR ADDITIONAL TERMS AND CONDITIONS

ADDITIONAL TERMS APPLICABLE TO NOTE AND SECURITY AGREEMENT

**DEFINITIONS** – "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** – This note and security agreement will be governed by the laws of the state of Pennsylvania. The federal Truth-in-Lending disclosures on page 1 are disclosures only and are not intended to be terms of the note or security agreement unless specifically referred to herein. The fact that any part of this note and security agreement cannot be enforced will not affect the rest of this note and security agreement. Any change to this note and security agreement or any other agreement securing this note must be in writing and signed by you and me.

**ASSUMPTION** – This security agreement and the note it secures cannot be assumed by someone buying the Property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the Property, I will be in default under the note and security agreement.

ADDITIONAL TERMS OF THE NOTE

**PAYMENTS** – Each payment I make will be applied first to late charges, then to the unpaid balance of the Total of Payments and then to any other charges due hereunder. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment.

**PREPAYMENT** – I may prepay this note in whole or in part at any time. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full. If I prepay this note in full, you will refund the unearned Finance Charge according to the Rule of 78's method. No refunds will be for less than $1.00. The Prepaid Finance Charge is fully earned on the Date of the Loan and is not refundable.

**USURY** – The interest rate and other charges on this note will never exceed the highest rate or charge allowed by law for this type of loan.

**DEFAULT** – I will be in default on this note if any one or more of the following occurs:
(a) I fail to make a payment in full when due;
(b) I fail to comply with any other promise that I have made in this note or security agreement;
(c) I sell or transfer any security for this note without your prior consent;
(d) I fail to register title to security without your consent;
(e) I make any statement or provide any financial information that is untrue or inaccurate in order to obtain this loan; or
(f) I fail to maintain any required insurance.
If any of us are in default on this note, you may exercise your remedies against any or all of us.

**REMEDIES** – If I am in default on this note, you may use any of the remedies listed below.
After my default, you may:
(a) Make the unpaid balance of the note, reduced by the unearned Finance Charge computed as if I had prepaid the loan in full, immediately due and payable;
(b) Demand more security or new parties obligated to pay this note (or both) in return for not using any other remedy;
(c) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(d) Use any remedy you have under state or federal law; and
(e) Use any remedy given to you in the security agreement securing this loan.
By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

**ATTORNEY'S FEES AND EXPENSES** – To the extent permitted by applicable law, I agree to pay the reasonable attorneys' fees and actual court cost that you incur to collect this note in the event of my default. I also agree to pay you for the reasonable expenses incurred by you in realizing on any collateral securing this note.

**OBLIGATIONS INDEPENDENT** – I understand that my obligation to pay this note is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this note. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this note.

**WAIVER** – I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**MLA SAVINGS CLAUSE**: Nothing contained herein, which constitutes a waiver of a right to legal recourse under any otherwise applicable provision of State or Federal law, shall apply to an individual who is a 'Covered Borrower' as defined by the Department of Defense's Regulation (32 C.F.R. §232) implementing the Military Lending Act (10 U.S.C. §987) on the date of this loan agreement.

**PURCHASE MONEY LOAN** – If this is a Purchase Money Loan, you may include the name of the seller on the check or draft from the proceeds of this loan. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**DISHONORED CHECK CHARGE** – In the event I make payment by check or other instrument or authorization that is dishonored by the institution upon which it is drawn, I agree to pay a dishonored check charge in the amount of $50.00.

ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** – This security agreement secures the note and all extensions, renewals, refinancings and modifications of the note and any future advances by You. This security agreement will last until it is discharged in writing.

**PROPERTY** – The word "Property," as used here includes all property that is listed in the security agreement on page 1. If a general description is used, the word Property includes all my property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** – I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position.

I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

**INSURANCE** – I agree to buy insurance on the property against the risks and for the amounts you require. I will name you as loss payee on any such policy. You may require added security for the loan if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will buy the insurance from a firm authorized to do business in Pennsylvania. The firm will be reasonably acceptable to you. I will keep the insurance until all debts secured by this security agreement are paid.

**DEFAULT AND REMEDIES** – If I am in default, in addition to the remedies listed in the note portion of this document you may:
(a) Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to the balance due under the note and accrue interest on that amount at the interest rate disclosed on page 1 until paid in full;
(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion; and
(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. You may apply what you receive from the sale of the Property to your expenses and then to the balance due under the note. If what you receive from the sale of the Property is less than what I owe you, I agree to pay the deficiency plus interest at the Post-Maturity Interest rate on page 1(to the extent permitted by law).

I agree that when you must give notice to me of your intended sale or disposition of the Property, the notice is reasonable if it is sent to me at my last known address by first class mail at least 10 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**FILING** – A copy of this security agreement may be used as a financing statement when allowed by law.

**FILING FEES** – I agree to pay all fees required to record, continue, and terminate any security interest or lien granted to you.

---

The following Notice applies only if the proceeds of this loan have been applied in whole or substantial part to the purchase of goods and/or services from a person who, in the ordinary course of this business sells such goods and/or services to consumers and borrower has been referred to the Lender by the Seller, or Lender is affiliated with the Seller by common control, contract, or business arrangement.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BORROWER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

